IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TERRY ALAN MCCLURE,    #185759, ) | Civil Action No. 3:07-2408-GRA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J AL CANNON; MITCH LUCAS; ) | |
| CAPT BEATTY; CAPT SMITH; LT GALLANT; ) | |
| SGT DECKNER; SGT SMALLS; AND ) | |
| TACT OFC TORRES, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

Plaintiff filed this action, pro se, on July 20, 2007.[1]  At the time of the alleged events, Plaintiff was a pre-trial detainee at the Charleston County Detention Center ("CCDC").  He was subsequently incarcerated at the Allendale Correctional Institution of the South Carolina Department of Corrections and appears to have now been released from confinement.  On October 3, 2007, Defendants filed a motion to dismiss.  Plaintiff, because he is proceeding pro se, was advised on October 12, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint.  On November 15, 2007, Plaintiff filed memorandum in opposition to Defendants' motion to dismiss.

DISCUSSION

Plaintiff alleges that Defendants violated his due process rights and subjected him to cruel and unusual punishment, an unreasonable search, and other constitutional violations.  Complaint at

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the court.

6. He appears to complain about the handling of his grievances, damage to his mail, a lack of due process as to a disciplinary hearing, his conditions of confinement, his confinement in administrative segregation, an "illegal" search in which some of his legal property was taken, and strip searches. Complaint at 8-14. Plaintiff requests injunctive relief and monetary damages. Complaint at 15. Defendants contend that their motion to dismiss should be granted because Plaintiff failed to exhaust the remedies available to him prior to the filing of this action and his claims are moot as he is no longer incarcerated at the CCDC.

        1.        <u>Exhaustion of Administrative Remedies</u>

Defendants contend that this action should be dismissed because Plaintiff has not exhausted all of his available administrative remedies as to his underlying claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

This action should not be dismissed for failure to exhaust administrative remedies as Plaintiff appears to have exhausted his available administrative remedies at the CCDC. Plaintiff asserts that he filed a grievance concerning the claims raised in this action and received a final answer. Complaint at 6. Defendants do not appear to dispute that Plaintiff exhausted the administrative remedies available at CCDC, but contend that Plaintiff has not exhausted all of his administrative

remedies because he did not appeal the CCDC's decision to the South Carolina Administrative Law Court Division ("ALC").[2] The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance does not alter the federal PLRA by extending its administrative exhaustion requirements to include exhaustion in all state judicial forums. In § 1983 matters,[3] Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Medical Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

   2.   Mootness

Defendants also contend that this action should be dismissed because Plaintiff's claims are moot, as Plaintiff is no longer detained at the CCDC. Plaintiff's claims for injunctive and/or declaratory relief are moot, as he has been transferred from CCDC. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."); Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986)(holding that prisoner's transfer mooted a request for declaratory and injunctive relief). Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969)("[A] case is moot when the issues presented are

---

[2] Defendants state that Plaintiff has not filed an appeal to the ALC, but have provided no records from the ALC or affidavits to show this.

[3] Exhaustion of state court remedies remains a requirement in habeas matters. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir. 1997)("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").

no longer 'live' or the parties lack a legally cognizable interest in the outcome."); <u>Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir.1987); <u>Buie v. Jones</u>, 717 F.2d 925, 927-929 (4th Cir.1983); <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).[4]  Plaintiff, however, also asserts a claim for monetary damages, and monetary damages claims survive an inmate's transfer to another institution.  <u>See</u> <u>Williams v. Griffin</u>, 952 F.2d at 823; <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (finding that transfer to another jail did not moot monetary damages claim in a suit filed pursuant to § 1915(g)); <u>Mawhinney v. Henderson</u>, 542 F.2d 1, 2 (2d Cir. 1976).

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 22) be granted as to Plaintiff's claims for injunctive relief and be denied as to Plaintiff's claims for monetary damages.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

July 21, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4] Plaintiff may also be attempting to assert claims on behalf of others.  To the extent that Plaintiff is attempting to assert claims for any other CCDC detainees or inmates, his claims fail.  <u>See</u> <u>Laird</u> <u>v. Tatum</u>, 408 U.S. 1 (1972).  <u>See</u> also <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 482 (1982); <u>Flast</u> <u>v. Cohen</u>, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); <u>Lake Carriers Ass'n v. MacMullan</u>, 406 U.S. 498, 506 (1972); and <u>Hummer v. Dalton</u>, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others).  <u>Cf.</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 & n. ∗ (4th Cir. 1975)(a <u>pro se</u> prisoner cannot be an advocate for others in a class action); and <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).